IN THE UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA – JACKSONVILLE DIVISION

Everett A. Stern,
Plaintiff,

v.

KYC News, Inc. d/b/a OffshoreAlert, a Florida corporation, and
David Marchant, an individual,
Defendants.

Case No. 3:25-cv-755-MMH-MCR

FIRST AMENDED COMPLAINT (FEDERAL QUESTION)

Plaintiff Everett A. Stern alleges:

I. Introduction

1. This case challenges Defendants' acquisition and use of Plaintiff's private, nonpublic personal information from consumer-reporting and motor-vehicle data sources without any permissible purpose — and their doxxing-style publication of that information to a paying audience — in retaliation for protected activity. The core federal claims arise under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681b & 1681q (enforced via §§ 1681n, 1681o), and the Driver's Privacy Protection Act ("DPPA"), 18 U.S.C. § 2724.

2. As pled below, Defendants used TransUnion's TLOxp platform — including its "Judgments" search module that aggregates judgments and related identifiers — to pull Plaintiff's judgments and associated personally identifiable information ("PII"), confirm and/or enhance his home address and other identifiers, and then monetize and amplify that information on OffshoreAlert's website and social channels under a branded "Everett Stern" page that lists dozens of judgment-labeled items.

II. Parties

3. Plaintiff Everett A. Stern is a natural person domiciled in St. Johns County, Florida.

4. Defendant KYC News, Inc. ("KYC/OffshoreAlert") is a Florida corporation operating the OffshoreAlert subscription website and conferences.

5. Defendant David Marchant is OffshoreAlert's owner and publisher and, on information and belief, resides in Colorado but purposefully directs OffshoreAlert's Florida business and content toward Florida, including to Plaintiff in St. Johns County.

III. Jurisdiction and Venue

6. Federal-question jurisdiction exists under 28 U.S.C. § 1331 (FCRA & DPPA). The Court has supplemental jurisdiction over related Florida claims under 28 U.S.C. § 1367(a).

7. Personal jurisdiction is proper because KYC is a Florida corporation and Marchant purposefully directed the challenged conduct into Florida, causing injury here.

8. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events and injury occurred in St. Johns County, where Plaintiff resides and where Defendants' publications and data use were accessed and caused harm.

IV. Factual Allegations

9. Plaintiff is a known financial-crime whistleblower and investigations professional.

10. Beginning in or about October 2023 and continuing thereafter, Defendants created and promoted a dedicated "Everett Stern" page on OffshoreAlert listing numerous items branded with the OffshoreAlert "A" mark, including entries titled "Judgment," "Default Judgment," "Complaint," and similar, each accompanied by Plaintiff's name, photo, and identifiers. Many of these items are specifically labeled "Judgment" or "Default Judgment." (Attach as Ex. A screenshots of the OffshoreAlert "Everett Stern" search page and example posts.)

11. Defendants cross-posted and promoted those items on social media (LinkedIn/X) with captions attacking Plaintiff's character and linking back to the OffshoreAlert page. (Attach as Ex. B representative screenshots.)

12. Use of TLOxp — including the "Judgments" module. On information and belief, to gather, verify, or enhance Plaintiff's personal identifiers (including home address) and to compile a list of civil judgments tied to Plaintiff's identity, Defendants accessed or caused access to TransUnion's TLOxp database, including its "Judgments" search tool that aggregates judgments and ties them to identity/locator data. Plaintiff complained to TransUnion/TLO in writing; after review, TLO confirmed Defendants' conduct constituted harassment/cyberstalking under its policies and terminated Defendants' access. (Attach as Ex. C Plaintiff's TLO complaint and related correspondence evidencing TLO's review and termination.)

13. The OffshoreAlert page reflects the fruits of that process: numerous entries expressly captioned "Judgment" or "Default Judgment," aggregated under Plaintiff's name, which Defendants then republished for subscribers and the public. (Examples include items titled Borgata v. Everett Stern: Judgment ($47.9K); Valley Forge Casino Resort v. Everett Stern: Default Judgment ($26,832); and others.)

14. Defendants have admitted that their content push involved compiling and posting court records and related materials about Plaintiff, which they promoted online. (Attach as Ex. D, Defendants' Motion to Dismiss acknowledging the series of "posts" tied to Plaintiff and describing the nature of those posts.)

15. FCRA/DPPA overlay. TLOxp is operated by TransUnion. On information and belief: (a) TLOxp qualifies as a "consumer reporting agency" and its outputs used here were "consumer reports" or consumer-report information within the FCRA's broad definition; and (b) TLOxp also integrates "personal information" sourced from state motor-vehicle records (addresses and related identifiers) governed by the DPPA. Defendants' use of TLOxp, including

the "Judgments" module and identity/locator returns, lacked any permissible purpose under § 1681b and/or was obtained under false pretenses (§ 1681q), and knowingly obtained/used/ disclosed DPPA-protected personal information for non-permitted purposes (publication/ doxxing/monetization).

16. Defendants' conduct was retaliatory and commercial. As reflected in Defendants' own social posts and correspondence, after Plaintiff warned Defendants about a third party, Marchant responded by calling Plaintiff "unwell" and then launched a concentrated publication campaign focused on Plaintiff. (Attach as Ex. B.)

17. Injury. Defendants' actions caused concrete harm, including (a) out-of-pocket costs for home security; (b) loss of specific engagements and speaking opportunities in Plaintiff's personal capacity; (c) emotional distress; and (d) time diverted from work.

Pleading note: To the extent any judgment document was publicly obtainable elsewhere, Plaintiff's claims are based on Defendants' means (use of TLOxp's restricted "Judgments"/ identity data under false pretenses and without permissible purpose) and use/disclosure (publishing DPPA-sourced personal information and TLO outputs for harassment/monetization). Defendants' admissions about how and what they posted do not negate that their acquisition and use of protected data via TLOxp violated federal law.

V. Claims for Relief

Count 1 – Fair Credit Reporting Act

(Improper acquisition/use of consumer report; false pretenses)
15 U.S.C. §§ 1681b(f), 1681q; private remedy §§ 1681n & 1681o

18. Plaintiff incorporates ¶¶ 1–17.

19. TLOxp, operated by TransUnion, qualifies as a consumer reporting agency, and the TLOxp outputs Defendants obtained and used here (identity/locator data, address history, judgment compilations tied to identity) were "consumer reports" or consumer-report information bearing on Plaintiff's credit standing, character, reputation, personal characteristics, or mode of living.

20. Defendants, personally and/or through OffshoreAlert credentials, obtained or caused to be obtained Plaintiff's consumer-report data from TLOxp without any permissible purpose listed in § 1681b(a) and/or under false pretenses in violation of § 1681q — including by using the "Judgments" module to pull judgment records and related identity/locator data tied to Plaintiff for a non-permissible purpose (publication/doxxing and commercial promotion of their paid platform).

21. Defendants then used that data for publication/doxxing and commercial promotion, not for credit, employment, insurance, or any transaction initiated by Plaintiff.

22. Defendants' conduct was willful or, at minimum, negligent.

Relief: actual damages or statutory damages for willful violation, punitive damages, and costs/ fees as permitted by §§ 1681n, 1681o. (No FCRA injunctive relief is sought.)

Count 2 – Driver's Privacy Protection Act

(Obtaining/disclosing motor-vehicle record information for impermissible purpose)
18 U.S.C. § 2724
    23.    Plaintiff incorporates ¶¶ 1–17.
    24.    TLOxp includes DPPA-protected "personal information" from state motor-vehicle records, including address and related identifiers that identify individuals. Defendants knowingly obtained, disclosed, and/or used Plaintiff's DPPA-protected personal information (including his home address) for a non-permitted purpose — public dissemination, harassment, and monetization via OffshoreAlert's site and social feeds — including through the use of TLOxp's identity/locator and "Judgments" returns.
    25.    Defendants acted with willful or reckless disregard of the law.

Relief: liquidated damages of $2,500 per violation, actual damages, punitive damages, and appropriate equitable relief under § 2724(b)(4), including deletion of DPPA-sourced data, cessation of further DPPA use/disclosure, and reasonable safeguards to prevent recurrence.

Count 3 – Florida Injunction for Protection Against Stalking (Cyberstalking)

Fla. Stat. § 784.0485 (supplemental claim)
    26.    Plaintiff incorporates ¶¶ 1–17.
    27.    Defendants repeatedly engaged in a course of conduct via electronic communications directed to and about Plaintiff that served no legitimate purpose, was willful, malicious, and harassing, and would cause (and did cause) a reasonable person substantial emotional distress. (Social posts and branded OffshoreAlert page attached as Ex. B.)

Relief: entry of a tailored stalking injunction prohibiting further doxxing/harassing communications directed at Plaintiff, while preserving legitimate newsgathering unrelated to Plaintiff's personal identifiers.

Count 4 – Intrusion Upon Seclusion (Florida common law)

(Supplemental claim focused on acquisition — not publication — of PII)
    28.    Plaintiff incorporates ¶¶ 1–17.
    29.    By accessing or causing access to Plaintiff's private personal identifiers from restricted databases (TLOxp) without authorization or permissible purpose — including the "Judgments" tool and identity/locator returns — Defendants intentionally intruded into Plaintiff's private affairs in a manner that would be highly offensive to a reasonable person.

Relief: compensatory and punitive damages and equitable relief preventing further unlawful acquisition of Plaintiff's PII.

VI. Demand for Jury Trial

    30. Plaintiff demands trial by jury on all issues so triable.

VII. Prayer for Relief

Plaintiff requests judgment against Defendants, jointly and severally, awarding:

A. FCRA (Count 1): actual or statutory damages, punitive damages, and costs/fees;
B. DPPA (Count 2): liquidated damages ($2,500 per violation), actual and punitive damages, costs/fees, and equitable relief including deletion of DPPA-sourced data and a ban on further DPPA use/disclosure;
C. Florida claims (Counts 3–4): injunctive relief to stop cyberstalking/doxxing and damages as allowed; and
D. Any other relief the Court deems just and proper.

Respectfully submitted,

/s/ Everett A. Stern
Everett A. Stern (pro se)
[Mailing address may be filed under seal under Rule 5.2]