UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

EVERETT A. STERN,

    Plaintiff,

vs.                                            Case No. 3:25-cv-755-MMH-MCR

KYC NEWS, INC. and
DAVID MARCHANT,

    Defendants.

## **O R D E R**

**THIS CAUSE** is before the Court on Plaintiff's Emergency Motion for Temporary Injunctive Relief (Doc. 19; Motion) filed on August 11, 2025. On July 7, 2025, Plaintiff filed an eleven-count Complaint (Doc. 1) against Defendants.[1] Plaintiff now moves for a temporary restraining order, under Rule 65 of the Federal Rules of Civil Procedure (Rule(s)), requesting that the Court order Defendants to "temporarily remove all webpages and materials concerning Plaintiff from the OffshoreAlert website pending the resolution of this matter[.]" Motion at 2. Upon review, the Court determines that the Motion is

---

[1] Plaintiff filed an Amended Complaint (Doc. 26) on August 12, 2025. The filing of an amended complaint would ordinarily moot all previously filed motions. See Meterlogic, Inc. v. Copier Sols., Inc., 185 F. Supp. 2d 1292, 1297 (S.D. Fla. 2002). However, as the Motion is due to be denied, the Court does not find it necessary to require Plaintiff to file a renewed motion.

due to be denied because Plaintiff has failed to satisfy the requirements of Rule 65.

Under Rule 65, the Court may only "issue a temporary restraining order <u>without written or oral notice to the adverse party</u>" if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition[.]" Fed. R. Civ. Pro. 65(b)(1)(A) (emphasis added). Here, Plaintiff has failed to proffer any evidence that he will suffer irreparable harm before Defendants can be heard in opposition. Indeed, Defendants have already appeared in this action and have filed a motion to dismiss. <u>See</u> Defendants' Motion to Dismiss (Doc. 15), filed on August 8, 2025. Yet, Plaintiff has made no attempt to explain why notice "should not be required." <u>See</u> Fed. R. Civ. Pro. 65(b)(1)(B).[2]

Accordingly, it is

**ORDERED:**

1. Plaintiff's Emergency Motion for Temporary Injunctive Relief (Doc. 19) is **DENIED**.

---

[2] To the extent Plaintiff seeks a preliminary injunction, the Motion is also due to be denied. Notably, Plaintiff has failed to satisfy Local Rule 6.01, Local Rules of the United States District Court for the Middle District of Florida (Local Rule(s)), as the Motion does not contain "a precise and verified explanation of the amount and form of the required security," "a supporting legal memorandum," or "a proposed order." <u>See</u> Local Rule 6.01.

2. Plaintiff's Motion for Expedited Consideration of Emergency Motion for Temporary Injunctive Relief (Doc. 20) is **DENIED as moot**.

**DONE AND ORDERED** in Jacksonville, Florida this 14th day of August, 2025.

*[signature]*
MARCIA MORALES HOWARD
United States District Judge

Lc32

Copies to:
Pro Se Party
Counsel of Record